UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 8:24-cr-234-VMC-TGW

CHRISTOPHER SWITLYK
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Christopher Switlyk's Motion in Limine (Doc. # 47), filed on January 16, 2025, and the United States of America's Notice and Motion in Limine to Allow Evidence of Other Crimes, Wrongs, or Acts (Doc. # 48), filed on January 20, 2025. Each party has responded to the other's Motion. (Doc. ## 50, 59). For the reasons that follow, Switlyk's Motion is granted, and the government's Motion is granted in part and denied in part.

I.    **Background**

In 2013, Switlyk was convicted and sentenced in this Court for conspiracy to distribute controlled substances and money laundering. See United States v. Switlyk et al, Case No. 8:10-cr-530-VMC-AEP (M.D. Fla. 2010). As part of his sentence, a forfeiture money judgment for $10,700,592 was entered against Switlyk. Id. at (Doc. # 248).

1

In May 2024, Switlyk was indicted on four counts of removal of property to prevent seizure under 18 U.S.C. § 2232(a), relating to the transfer of three real properties and a Tesla vehicle to his father to avoid the forfeiture order entered in the previous criminal case. (Doc. # 1). Switlyk maintains that he transferred the properties to his father because his father had a valid financial interest in them.

"The crime established by [Section 2232(a)] has three elements: (1) that a person be authorized to search for or seize certain property; (2) that the accused knowingly destroys or removes or attempts to destroy or remove the property subject to the authorized search or seizure; and (3) that the destruction or removal of the property be for the purpose of preventing its seizure." United States v. Plavcak, 411 F.3d 655, 660 (6th Cir. 2005). Here, it does not appear that the first two elements of the crime are disputed. Rather, the parties' disagreement hinges on the third element – Switlyk's intent in transferring the properties.

Switlyk seeks to exclude evidence of the specifics of his prior convictions at trial and to admit a redacted copy of the plea agreement from the previous case. (Doc. # 47). For its part, the United States moves to introduce evidence

of Switlyk's money laundering convictions and certain other acts under Federal Rule of Evidence 404(b). (Doc. # 48). The Motions are fully briefed and ripe for review. (Doc. ## 50, 59).

## II.  **Legal Standard**

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." In re Seroquel Prods. Liab. Litig., Nos. 6:06-md-1769-ACC-DAB, 6:07-cv-15733-ACC-DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). "A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." Id. (internal quotation marks omitted).

Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402.

All relevant evidence is admissible unless "its probative value is substantially outweighed by the danger of

unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 402, 403; United States v. Ross, 33 F.3d 1507, 1524 (11th Cir. 1994). Use of Rule 403 to exclude relevant evidence is an "extraordinary remedy" whose "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." United States v. Grant, 256 F.3d 1146, 1155 (11th Cir. 2001).

### III. **Analysis**

#### A. **Government's Motion**

The government seeks to introduce (1) "[t]estimony that [Switlyk], while on bond in his underlying criminal case, hid assets from the government — specifically, approximately 270 silver bars worth $80,000 and 150 gold coins worth $250,000"; and (2) "[t]he Judgment and Indictment for United States v. Christopher Switlyk, Case No. 8:10-cr-530-VMC-AEP, regarding [Switlyk's] money laundering convictions." (Doc. # 48 at 3).

Federal Rule of Evidence 404(b)(1) states: "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

4

Fed. R. Evid. 404(b)(1). However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). This rule is "one of inclusion which allows [extrinsic] evidence unless it tends to prove only criminal propensity. The list provided by the rule is not exhaustive and the range of relevancy outside the ban is almost infinite." United States v. Ellisor, 522 F.3d 1255, 1267 (11th Cir. 2008) (citation omitted).

To be admissible under Rule 404(b), "[f]irst, the evidence must be relevant to an issue other than the defendant's character." United States v. Jernigan, 341 F.3d 1273, 1280 (11th Cir. 2003) (citation omitted), abrogated in part on other grounds by Rehaif v. United States, 588 U.S. 225 (2019). "Second, as part of the relevance analysis, there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act." Id. (citation omitted). "Third, the evidence must possess probative value that is not substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403." Id. (citation omitted). Regarding the third prong, "[f]actors to be considered include whether it appeared at

5

the commencement of trial that the defendant would contest the issue of intent, the overall similarity of the charged and extrinsic offenses, and the temporal proximity between the charged and extrinsic offenses." United States v. Edouard, 485 F.3d 1324, 1345 (11th Cir. 2007).

Here, all three requirements are met as to the hiding of the gold coins and silver bars, but not as to the money laundering convictions. Regarding the second element, there is sufficient proof of Switlyk's acts and convictions. There is no doubt as to the existence of Switlyk's convictions for money laundering, for which a criminal judgment exists. See United States v. Calderon, 127 F.3d 1314, 1332 (11th Cir. 1997) ("It is elementary that a conviction is sufficient proof that he committed the prior act."), holding modified by United States v. Toler, 144 F.3d 1423 (11th Cir. 1998). Likewise, there is proof that Switlyk purchased and hid valuable gold coins and silver bars during his previous criminal case. In a declaration in the criminal case and during a deposition, Switlyk admitted to purchasing approximately $330,000 worth of gold coins and silver bars while out on bond for the previous criminal case and burying the coins and bars on a friend's property while the friend was at work. (Doc. # 48 at 4-5); see also (Doc. # 44-9 at 20:14-23:16); Switlyk, Case

6

No. 8:10-cr-530-VMC-AEP at (Doc. # 512-2 at ¶ 5). According to the government, Switlyk did not timely disclose the existence of these buried assets to the government after he pled guilty in the prior criminal case and agreed to the entry of the forfeiture judgment against him. (Doc. # 48 at 4); see also Switlyk, Case No. 8:10-cr-530-VMC-AEP at (Doc. # 415-1 at ¶¶ 4-8).

As to the first and third elements, the Court agrees with the government as to the gold coins and silver bars incident. Switlyk's concealment of other valuable assets so the government would not find them is highly probative of his intent and motive in this case. (Doc. # 48 at 13). And Switlyk will not be unduly prejudiced by introduction of the evidence relating to the hidden gold coins and silver bars. Here, the major issue at trial will be Switlyk's state of mind or intent. That is, whether he transferred the properties to his father in order to prevent government seizure (as the government maintains) or because his father had a financial interest in the properties (as Switlyk maintains). Thus, evidence of Switlyk's previous attempts to hide valuable assets from government seizure under the same forfeiture judgment is probative of Switlyk's intent and motive in transferring multiple properties to his father. See United

States v. Williams, 579 F. App'x 837, 840 (11th Cir. 2014) ("When Rule 404(b) other crimes evidence goes to intent, rather than identity, a lesser degree of similarity between the charged crime and the uncharged crime is required, and a similarity in overall purpose of each is sufficient."). This evidence also rebuts Switlyk's alternate explanation for why he transferred the properties to his father.

True, Switlyk buried these coins and failed to disclose their existence to the government approximately a decade before he transferred the properties at issue in this case to his father. But the Court does not consider these acts too remote in time to be probative. Importantly, Switlyk's hiding of these assets was allegedly conducted to avoid forfeiture of these assets to the government under the *same* forfeiture judgment at issue in this case. That is, Switlyk was attempting to avoid the same forfeiture obligation for both the buried coins and bars and the transferred properties here. This tight factual nexus reduces any remoteness concern. Also, the Court will give the jury a limiting instruction to limit any prejudice. See Edouard, 485 F.3d at 1346 ("[A]ny unfair prejudice possibly caused by admitting evidence of Edouard's prior smuggling activities was mitigated by the district court's limiting instruction to the jury. Thus, the

probative value of the evidence in question was not substantially outweighed by undue prejudice." (citation omitted)).

However, the evidence of Switlyk's money laundering convictions is not sufficiently probative of the issues at trial and thus will not be admitted. The money laundering convictions were based on two financial transactions in 2010 in which criminal proceeds were used to purchase a vehicle and to purchase a house. (Doc. # 50 at 15); see also Switlyk, Case No. 8:10-cr-530-VMC-AEP at (Doc. # 231 at 2, 24-26) (outlining the factual basis of Switlyk's guilty plea to two money laundering counts). The Court agrees with Switlyk that "these facts are not similar to those at issue in this case" and their prejudicial effect outweighs their probative value. (Doc. # 50 at 16). The financial transactions in this criminal case were about transferring assets to avoid paying a forfeiture judgment — not about purchasing property with the proceeds of illegal acts, as with the money laundering convictions. Thus, there is no "similarity in overall purpose" for the previous money laundering conduct and the currently charged acts. Williams, 579 F. App'x at 840. The money laundering convictions do not speak to Switlyk's intent in transferring the properties to his father here.

Furthermore, the financial transactions underlying the money laundering occurred nearly fifteen years ago, which is too remote in time considering the factual differences between the conduct at issue.

The government's Motion is granted as to the gold coins and silver bars incident but denied as to the money laundering convictions. Evidence of the money laundering convictions and the specific details of the money laundering transactions may not be admitted.

**B. Switlyk's Motion**

Switlyk moves to exclude from trial "the specifics of his prior federal criminal case and to admit a redacted copy of his plea agreement as an exhibit at trial." (Doc. # 47 at 1).

As the Court has already held that Switlyk's money laundering convictions are not admissible under Rule 404(b), Switlyk's Motion is granted as to the money laundering convictions and the details of his money laundering activities.

The Court also agrees with Switlyk as to the conspiracy to distribute controlled substances conviction. Unless Switlyk testifies at trial, discussion of this conviction and the details of the opioid pill mill he ran will not be

introduced. Even assuming that the specifics of this conviction are relevant, introduction of this information would unduly prejudice Switlyk. Notably, the government does not oppose Switlyk's Motion as to the conspiracy to distribute controlled substances conviction. (Doc. # 59 at 1).

Finally, Switlyk argues that the plea agreement from the previous criminal case "is generally admissible as a court record, but the exhibit should be redacted so that it only includes the provisions relevant to forfeiture." (Doc. # 47 at 4). The Court agrees that only a redacted version of the prior case's plea agreement should be admitted. During trial, the Court will determine which proposed redacted version of the plea agreement should be used. Likewise, if the parties disagree over whether the indictment from the previous case with the details of all counts redacted may be admitted at trial, the Court may address this issue during trial.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Christopher Switlyk's Motion in Limine (Doc. # 47) is **GRANTED.**

(2) The United States of America's Notice and Motion in Limine to Allow Evidence of Other Crimes, Wrongs, or

11

Acts (Doc. # 48) is **GRANTED in part** and **DENIED in part** as set forth herein.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 31st day of January, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE